UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CENTURY SURETY COMPANY,

    Plaintiff,                                           Case No.:

vs.

OUTER LIMITS SALES TWO LLC, and
KATHLEEN DIAL, AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
MARGARET P. CALDWELL,

    Defendants.
_____/

**COMPLAINT FOR DECLARATORY JUDGMENT**

The Plaintiff, CENTURY SURETY COMPANY ("Century"), by and through undersigned counsel, files this Complaint for Declaratory Judgment against the Defendants, OUTER LIMITS SALES TWO LLC ("Outer Limits" or "the Insured") and KATHLEEN DIAL, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MARGARET P. CALDWELL ("the Estate" or "the Underlying Plaintiff"), and states as follows:

**PRELIMINARY STATEMENT**

1. This is a declaratory judgment action brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201 for the purpose of determining an actual controversy between the parties with respect to an insurance policy issued by Century to Outer Limits.

2. Century seeks a judgment declaring that it has no duty to defend or indemnify Outer Limits with respect to a claim being asserted against Outer Limits by the Estate in an underlying lawsuit, *Kathleen Dial, as Personal Representative of the Estate of Margaret P. Caldwell v. Fuego Smoke & Vape, LLC, et al,* in the 9th Judicial Circuit in and for Orange County, Florida (hereinafter

1

"Underlying Lawsuit"). A true and correct copy of the Underlying Lawsuit is attached as **Exhibit 1**.

## JURISDICTION & VENUE

3. Plaintiff, Century, is, and was at all times material hereto, a foreign corporation incorporated in the State of Michigan with its principal place of business in the State of Ohio. It is, therefore, a citizen of Michigan and Ohio.

4. Defendant, Outer Limits, is, and was at all times material hereto, a Florida limited liability company with its principal place of business in Lake County, Florida. All managing members of Outer Limits are citizens of Florida. The owner and managing member of Outer Limits, Russell Slayton, is domiciled in Lake County, Florida, and therefore a citizen of Florida. The two other managing members of Outer Limits are domiciled in Seminole County, Florida, and therefore citizens of Florida.

5. The decedent, Margaret Caldwell, was at all times material hereto, a citizen of Florida domiciled in Lake County, Florida, and therefore, a citizen of Florida.

6. Complete diversity of citizenship exists in this matter between the Plaintiff and Defendants.

7. The amount in controversy exceeds $75,000.00, exclusive of costs, interest and attorneys' fees.

8. Accordingly, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332.

9. Venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. §1391(a), because the Underlying Lawsuit, for which Century seek a judicial declaration of no duty to defend or indemnify, is pending in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

10. All conditions precedent to the initiation and maintenance of this action have been complied with, have occurred, or have been waived.

## GENERAL ALLEGATIONS

11. The Underlying Lawsuit alleges that Margarat Caldwell died from an overdose of nitrous oxide, sometimes known as "laughing gas."

12. The Underlying Lawsuit alleges that nitrous oxide is a popular recreational drug associated with addiction and a variety of debilitating conditions.

13. The Underlying Lawsuit alleges Margaret Caldwell became addicted to nitrous oxide products, suffered severe health consequences, and ultimately succumbed to her addiction.

14. The Underlying Lawsuit asserts claims against certain manufacturers of the nitrous oxide products ("the Manufacturer Defendants") and sellers of the products ("the Smoke Shop Defendants") that were purchased and used by Margaret Caldwell.

15. Outer Limits is named as one of the Smoke Shop Defendants.

16. The Underlying Lawsuit alleges that Margarat Caldwell purchased the nitrous oxide products at various smoke shops, including Outer Limits.

17. The Underlying Lawsuit includes the following counts against the Manufacturer Defendants: Strict Liability (Count I); Violation of Florida Deceptive and Unfair Trade Practices Act (Count II); and Unjust Enrichment (Count III).

18. As to the Smoke Shop Defendants, including Outer Limits, the Underlying Lawsuit contains a single count for Declaratory and Injunctive Relief (Count IV).

19. Count IV against the Smoke Shop Defendants alleges that sales at smoke shops "are unequivocally aimed at consumers who will use N-O Products for inhalation, will get addicted, and suffer severe physical harm or death. Accordingly, the Plaintiff seeks an Order to

preliminarily and permanently enjoin members of the putative Smoke Shop Class from selling N-O Products on their premises or online." (Exhibit 1, Underlying Lawsuit at ¶¶ 94-95).

20. Century has agreed to defend Outer Limits in the Underlying Lawsuit subject to a reservation of rights to deny coverage.

21. Century asserts that it has no duty to defend or indemnify Outer Limits with respect to the claims being asserted by the Estate in the Underlying Lawsuit.

22. The Estate has been named as a defendant in the present suit so that the Estate will be bound by the Court's ultimate decree.

## THE APPLICABLE INSURANCE POLICY

23. Century issued Commercial General Liability Insurance Policy No. CCP1234937, effective from May 7, 2024 to May 7, 2025 ("the Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit 2.**

24. The named insured is Outer Limits Sales Two LLC, the defendant herein.

25. Coverage A of the Policy provides coverage for "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage,'" unless otherwise excluded. (Exhibit 2, CG 00 01 04 13, Page 1 of 16).

26. The Policy states that Century "will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' for which this insurance does not apply." (CG 00 01 04 13, Page 1 of 16).

27. The Policy includes an exclusion entitled "Exclusion – Products-Completed Operations Hazard," which excludes coverage for "bodily injury" or "property damage" included within the "products-completed operations hazard" (hereinafter "the Products Exclusion"). (CG 21 04 11 85).

28. The Policy defines "Products-Completed Operations Hazard" as including all bodily injury and property damage "that arises out of 'your products' if the 'bodily injury' or 'property damage' occurs after you have relinquished possession of those products."  (CG 24 07 01 96).

29. The Policy defines "your product" as "any goods or product, other than real property, manufactured, sold, handled, distributed or disposed of by: (a) You."  (CG 00 01 04 13, Page 16 of 16).

30. The Policy includes an exclusion entitled "Exclusion – Cannabis or Other Psychotropic Substances," which excludes coverage for, among other things, injury arising out of the design, packaging, handling, distribution, sale, serving, furnishing, possession, ingestion, consumption or exposure to psychotropic substances, including the actual or alleged furnishing of psychotropic substances to any person (hereinafter "the Psychotropic Substances Exclusion").  (CGL 1729 0121).

31. For purposes of the Psychotropic Substances Exclusion, the Policy states that psychotropic substances include "any legal or illegal drug or substance that: (i) affects the mind, mood or other mental process; or (ii) impacts the brain or central nervous system; or (iii) is hallucinogenic."  (*Id*.).  The Policy further states that "[p]sychotropic substances include, but are not limited to, …whippets, laughing gas…"  (*Id*.).

32. The Policy includes an exclusion entitled "Total Pollution Exclusion With a Building Heating, Cooling and Dehumidifying Exception and a Hostile Fire Exception," which excludes, among other things, "'bodily injury' or 'property damage' which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' at any time."  (CG 21 65 12 04).

33. The Policy defines "pollutants" as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed." (CG 00 01 04 13, Page 16 of 16).

34. The Policy includes an exclusion entitled "Mold, Fungi, Virus, Bacteria, Air Quality, Contaminants, Minerals or Other Harmful Materials," which excludes, among other things, "'bodily injury', 'property damage', or 'personal and advertising injury' arising out of, caused by, or alleged to be contributed to in any way by any insured's use, sale, installation or removal of any substance, material or other product that is either alleged or deemed to be hazardous, toxic, irritating, pathogenic or noxious in any way, or contributes in any way to an allergic reaction" (hereinafter "the Harmful Materials Exclusion"). (CGL 1701 0917, Page 2 of 5).

## COUNT I - NO DUTY TO DEFEND OR INDEMNIFY

35. Century realleges, restates, and incorporates by reference all allegations in paragraphs 1 through 34 above.

36. An actual and present controversy exists between Century and Outer Limits regarding Century's obligations, if any, with respect to the claims being asserted by the Estate against Outer Limits in the Underlying Lawsuit.

37. Century seeks a judicial declaration of no duty to defend or indemnify Outer Limits with respect to the Underlying Lawsuit for the following reasons:

- The Underlying Lawsuit does not seek recovery of damages against Outer Limits but rather seeks injunctive and declaratory relief only, which does not implicate coverage or a defense obligation under the Policy.

- Even if the Underlying Lawsuit is construed as seeking recovery of damages because of bodily injury, the Products Exclusion applies to exclude coverage based on the

allegations that Margaret Caldwell died after purchasing nitrous oxide products from Outer Limits.

- Even if the Underlying Lawsuit is construed as seeking recovery of damages because of bodily injury, the Psychotropic Substances Exclusion applies to exclude coverage based on the allegations that Margaret Caldwell died after purchasing and ingesting nitrous oxide products (also known as whippets and laughing gas).

- Even if the Underlying Lawsuit is construed as seeking recovery of damages because of bodily injury, the Total Pollution Exclusion applies to exclude coverage based on the allegations that Margaret Caldwell died after ingesting nitrous oxide purchased from Outer Limits, which nitrous oxide constitutes a "pollutant."

- Even if the Underlying Lawsuit is construed as seeking recovery of damages because of bodily injury, the Harmful Materials Exclusion applies to exclude coverage based on the allegations that Margaret Caldwell died after ingesting nitrous oxide products purchased from Outer Limits, which nitrous oxide products are alleged to be hazardous, toxic and/or noxious.

38. There is a *bona fide*, actual, present need for the declaration of Century's rights and obligations under the Policy, if any.

39. This Court's declaration will confer certainty on the parties with respect to their rights, duties and obligations under the Policy and will, therefore, serve the interests of justice.

40. Century has no adequate remedy at law.

41. The Estate, as the third-party claimant and plaintiff in the Underlying Lawsuit, is named herein so the Estate will be bound by the Court's ultimate decree.

WHEREFORE, for the reasons stated above, the Plaintiff, CENTURY SURETY COMPANY, requests that this Court enter a Declaratory Judgment declaring the rights, status,

obligations and duties of the parties under Commercial General Liability Insurance Policy No. CCP1234937, including, but not limited to, the following:

      A.      That Century has no duty to defend or indemnify Outer Limits with respect to the claims being asserted by the Estate in the Underlying Lawsuit; and

      B.      That Century be awarded any such further relief in law or in equity to which it may be entitled.

Dated:      April 16, 2025

                      TRAUB LIEBERMAN STRAUS
                        & SHREWSBERRY LLP

                      */s/ Lauren S. Curtis, Esq.*
                      LAUREN S. CURTIS, Esq.
                      FBN:   150940
                      lcurtis@tlsslaw.com
                      SARAH A. WILKINS, Esq.
                      FBN:   124904
                      swilkins@tlsslaw.com
                      55 First Street South
                      St. Petersburg, Florida 33701
                      (727) 898-8100 (Tel)
                      (727) 895-4838 (Fax)
                      Counsel for Plaintiff,
                      CENTURY SURETY COMPANY